# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

STATE OF WASHINGTON,

     Respondent,

v.

CHRIS LAVONN MORRIS,

     Appellant.

No. 68718-2-I

DIVISION ONE

UNPUBLISHED

FILED: July 22, 2013

2013 JUL 22 AM 11:08 COURT OF APPEALS DIV I STATE OF WASHINGTON FILED

COX, J. – Probable cause to arrest exists when the facts within the arresting officer's knowledge would warrant a person of reasonable caution in a belief that an offense has been committed. In this case, the facts known to the arresting officer provided probable cause to believe that Chris Morris possessed a controlled substance with intent to deliver. We therefore affirm the trial court's denial of Morris' motion to suppress and his conviction for possession of cocaine with intent to deliver.

Based on evidence recovered following the surveillance, arrest, and search of Morris, the State charged him with possession of cocaine with intent to deliver. At trial, Morris moved to suppress the cocaine and currency discovered during his arrest, arguing that the police lacked probable cause to arrest him.

Following a suppression hearing, the court denied the motion to suppress and entered the following unchallenged findings of fact.

On June 9, 2011, Seattle Police Officer Donald Johnson of the Seattle Police Department surveilled an area known for narcotics trafficking via a security camera. The events he observed through the camera were recorded and played at trial.

Officer Johnson observed Morris walking and talking with Susie Atkins, a known user of crack cocaine. Morris removed something from his pants pocket, placed it in Atkins' right hand, and received something in return. The position of their bodies prevented Officer Johnson from seeing exactly what was exchanged.

Immediately after the exchange, Atkins peered closely at her open right hand, as if examining a small object. Morris placed whatever he received from Atkins into his right front pants pocket. At the same time, Morris appeared to drop something on the ground. He picked it up and put it in his right front pants pocket.

Shortly thereafter, Officer Johnson saw Morris remove currency from his right front pants pocket. Morris appeared to count it, and then returned it to his pocket.

Around 18 minutes later, Mark Breithaupt, a known user of crack cocaine, approached Morris. They spoke briefly, and then Breithaupt walked south a short distance. A few seconds later, Morris also walked south a short distance. He was then approached by Denise Sellers, another known user of crack

cocaine. Morris appeared to take something out of his right front pants pocket and put it into Sellers' right hand. Sellers tossed an object from her right hand into her mouth.

Seconds later, Breithaupt approached Morris and handed him an item that was consistent in color and shape with folded currency. At the same time, Morris appeared to give Breithaupt an object that Breithaupt pinched between his thumb and forefinger and placed in his mouth.

Based on his training and experience, Officer Johnson knew that crack cocaine purchasers often put crack cocaine in their mouths as a way of concealing and testing it. Morris' interactions with the known cocaine users were also typical of street level crack cocaine sales in the downtown Seattle area.

Officer Johnson arrested Morris and searched his pockets. He found 2.3 grams of crack cocaine and $66 in paper currency.

In denying Morris' motion to suppress the cocaine and currency, the trial court entered the following conclusions of law:

   a. An officer does not necessarily have to see the object exchanged in order to have probable cause to believe that a suspect has delivered a controlled substance.
   b. When considering whether probable cause existed, the court must consider the officer's knowledge of the circumstances, including his training and experience.
   c. Based on the totality of the circumstances, including but not limited to the facts that the area was known to be a high narcotics trafficking area, the defendant had been approached by multiple known drugs users, the defendant had made quick exchanges with the known drug users, the defendant appeared to be providing a very small object in each exchange, and the defendant appeared in at least one exchange

to be receiving money, Officer Johnson had probable cause to arrest the defendant.

d. Officer Johnson's search of the defendant's pockets after arresting the defendant was a lawful search incident to a lawful arrest, and was therefore constitutional.

Morris waived his right to a jury trial and, following a bench trial, the court found him guilty as charged. Morris appeals.

## PROBABLE CAUSE TO ARREST

The sole issue on appeal is whether the superior court erred in concluding that Officer Johnson had probable cause to arrest Morris for possession with intent to deliver cocaine. We review probable cause determinations de novo.[1] Probable cause exists when the facts and circumstances within the arresting officer's knowledge would warrant a person of reasonable caution in a belief that an offense has been committed.[2] This standard takes into consideration the special experience and expertise of the arresting officer.[3]

Morris contends the facts and circumstances within Officer Johnson's knowledge were insufficient to support a belief that an offense had been committed. Citing State v. Fore, 56 Wn. App. 339, 343-45, 783 P.2d 626 (1989), he notes that unlike the observation officer in that case, Officer Johnson did not see what, other than money, was being exchanged. It is true that the officer in Fore observed an exchange of "small plastic bags containing brownish or

---

[1] In re Det. of Petersen, 145 Wn.2d 789, 800, 42 P.3d 952 (2002); State v. Louthan, 158 Wn. App. 732, 740-41, 242 P.3d 954 (2010).
[2] State v. Terrovona, 105 Wn.2d 632, 643, 716 P.2d 295 (1986).
[3] State v. Graham, 130 Wn.2d 711, 724, 927 P.2d 227 (1996).

greenish matter. . . ."[4] But this court in <u>Fore</u> expressly rejected the proposition that it is necessary for an officer to identify the object exchanged in order to establish probable cause:

> However, absolute certainty by an experienced officer as to the identity of a substance is unnecessary to establish probable cause. . . . Here, the suspicious circumstances surrounding the exchanges, **not the officer's ability to identify the substance**, constituted the primary basis for the probable cause determination.[5]

Other decisions from this court reinforce this point and support the trial court's decision in this case.

In <u>State v. Rodriguez-Torres</u>, 77 Wn. App. 687, 693-94, 893 P.2d 650, 653 (1995), a police officer in a high narcotics area saw another man hand money to Rodriguez-Torres, who was holding his left hand in a cupped fashion. The man picked an item out of Rodriguez-Torres' left hand and looked at it. As the officer approached, someone yelled "police!" The man dropped the item and left. Rodriguez-Torres picked up the item and also left. The officer then stopped and arrested Rodriguez-Torres. We held that the officer's "observations and expertise provided probable cause to conclude that a drug offense had been committed."[6]

Similarly, in <u>State v. White</u>, 76 Wn. App. 801, 803-05, 888 P.2d 169, 171 (1995), we found probable cause to arrest based on an officer's observation of

---

[4] <u>Fore</u>, 56 Wn. App. at 343.
[5] <u>Id.</u> at 345 (emphasis added).
[6] <u>Rodriquez-Torres</u>, 77 Wn. App. at 693-94.

an apparent drug transaction. Using binoculars, an officer watched as White and another man, Marek Murray, walked along a sidewalk. When they reached the corner, the men separated and stood 3 to 5 feet apart. After several minutes, a man wearing a white sweat suit approached White. The two spoke briefly, and White pointed to Murray. The man in the sweat suit went to Murray and began walking with him. White followed about 3 to 5 feet behind them. After a few steps, the man in the sweat suit took money from his pocket and counted it. Murray reached into his shorts and dropped something on the ground. The man in the sweat suit stopped, picked up the object, looked at it, put it in his mouth for a moment, and handed money to Murray. Shortly thereafter, Murray and the man in the sweat suit walked in opposite directions. White walked ahead of Murray, but Murray eventually caught up. The officer saw "hand movements," but could not tell what, if anything, had passed between White and Murray.

The officer testified that he had witnessed hundreds of narcotics transactions and that White's actions were consistent with those of a lookout or setup person in a drug transaction. We held that the officer's observations provided probable cause to arrest White for a drug offense.

The facts and circumstances known to the arresting officers in White and Rodriguez-Torres are comparable to Officer Johnson's knowledge in this case. Officer Johnson observed Morris making exchanges of small objects for currency with known crack cocaine users in a high narcotics area. The exchanges were

made in a surreptitious manner and were consistent with typical crack cocaine exchanges seen in the area. Officer Johnson also saw two of the known drug users place the items that they received from Morris in their mouths. Officer Johnson knew from his training and experience that crack cocaine users often transport crack in their mouths to avoid detection and to test authenticity.

Considering the facts and circumstances known to Officer Johnson in light of his training and experience, the trial court properly concluded that he had probable cause to arrest Morris for possession with intent to deliver a controlled substance. Likewise, the search incident to this arrest was proper.

We affirm the judgment and sentence.

Cox, J.

WE CONCUR: